[NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-1193

MARGOT K. NICKERSON-MALPHER,

Plaintiff, Appellant,

v.

MARKET FORGE GROUP LIFE INSURANCE PLAN,
PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, and
SPECIALTY EQUIPMENT COMPANIES, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Selya and Lipez, Circuit Judges,
and Doumar, Senior District Judge.*

Matthew Cobb, on brief for appellant.
John A. Houlihan and Christopher P. Silva, on brief for
appellees Market Forge Group Life Insurance Plan and Specialty
Equipment Companies, Inc.
Margaret J. Hurley, on brief for appellee Principal Mutual
Life Insurance Company.

---

*Of the Eastern District of Virginia, sitting by
designation.

October 1, 2001

**PER CURIAM**. Margot Nickerson-Malpher, who became permanently disabled on August 6, 1993, claims entitlement to inter vivos disability payments under her former employer's Life Insurance Plan; the defendants, her former employer and its life insurance providers, counter that the Plan in which Nickerson-Malpher was enrolled only entitled her to a death benefit upon becoming permanently disabled. She appeals the District Court's grant of summary judgment to the defendants and denial of her cross-motion. For the reasons that follow, summary judgment is affirmed.

Market Forge Co. hired Nickerson-Malpher on November 27, 1989. She participated in both the company's Life Insurance Plan and its Retirement Plan. The Life Insurance Plan offered two different disability benefits: 1) for people also participating in the Retirement Plan ("Disability 1"); and 2) for people not participating in the Retirement Plan ("Disability 2"). Disability 1 provided, in relevant part, that if an insured "becomes totally disabled . . . the Company . . . will pay to his beneficiary the amount of Total Disability Benefit in effect as provided . . . [and] no payment of premium will be required for the Person while this Benefit is in effect."

In contrast, Disability 2 provided that if an insured "becomes totally disabled . . . the Company . . . will pay to

the Person in sixty consecutive installments, a monthly income of $18.15 for each $1,000 of life insurance in force on his life as of the date such total disability commenced; and . . . will provide without further payment of premium . . . a death benefit payable to his beneficiary . . . equal to the commuted value of the unpaid installments." The sole difference between whether an insured is entitled to death benefits under Disability 1 or inter vivos benefits under Disability 2 is whether the insured participated in the company's Retirement Plan.

Nickerson-Malpher became totally disabled, as defined in the plan, on August 6, 1993. In November 1993, Market Forge Co.'s parent, Specialty Equipment Co., sold Market Forge's assets to a group of its employees. As part of that transaction, Specialty paid out to all non-vested employees, including Nickerson-Malpher, their non-vested retirement benefits under the Retirement Plan. Therefore, Nickerson-Malpher received a lump sum payment as a non-vested participant in the Retirement Plan.

On December 20, 1993, Nickerson-Malpher applied for the inter vivos disability benefits under the Disability 2 provision of the Life Insurance Plan. Through a series of correspondence over several years, the Life Insurance Company informed Nickerson-Malpher that she did not qualify for Disability 2, but

approved her claim under the terms of Disability 1 on the grounds that Nickerson-Malpher had participated in the Retirement Plan.

On July 29, 1998, Nickerson-Malpher filed her Complaint in this case under 29 U.S.C. §1132(a)(1)(B) (1994). The defendants moved for summary judgment, and Nickerson-Malpher filed a cross-motion for summary judgment. The District Court held a hearing on summary judgment on March 22, 2000. In a Memorandum of Decision dated December 28, 2000, the Court denied Nickerson-Malpher's motion for summary judgment and granted summary judgment in favor of the defendants. Nickerson-Malpher then instituted this appeal.

A denial of benefits by an ERISA fiduciary challenged under 29 U.S.C. §1132(a)(1)(B) is reviewed *de novo*. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989); Hughes v. Boston Mutual Life Ins. Co., 26 F.3d 264, 267 (1st Cir. 1994). Where, as here, the parties stipulated to the material facts and the outcome turns entirely on the interpretation of the relevant plan documents, the *de novo* standard authorizes the district court to decide the dispute "as matters of law are decided." Recupero v. New England Tel. and Tel. Co., 118 F.3d 820, 839 (1st Cir. 1997).

As such, our review of the evidence stipulated to below gives us no reason to question the District Court's findings. Nickerson-Malpher was unquestionably covered by her employer's Life Insurance Plan. According to the plain and unambiguous language of the Life Insurance Plan documents, if Nickerson-Malpher also participated in her employer's Retirement Plan then, following her disability, she was only entitled to the Life Insurance Plan's death benefit, not its inter vivos benefit. The evidence shows that Nickerson-Malpher did indeed participate in the Retirement Plan while she was employed with Market Forge; the fact that she accepted a lump-sum payout from the Retirement Plan several months after her disability further demonstrates this fact. Therefore, the Life Insurance Plan provides a plain and unambiguous benefit for Nickerson-Malpher, and that is a death benefit, not an inter vivos one. Thus, the evidence does not demonstrate that a genuine issue of material fact exists to warrant trial in this case, and the District Court properly granted Defendants' motion for summary judgment.

Affirmed.